to preside and hear oral arguments in the Virgin Islands, and this sitting is no exception. The three judges of this panel are, of course, Northeasterners, so this time of year we're accustomed to inclement weather back home, but it's almost inconceivable to us Northeasterners that there can be inclement weather here in a near paradise that would get in the way of people's transportation, but that's exactly what we faced yesterday and had some logistical difficulties, or Council experienced some logistical difficulties in a few of our cases. And in one such matter, Council was not able to fly from St. Thomas to here, but it's my understanding that Council is available and in the courtroom this morning, and that would be the case of United States v. Lucien Moolenaar, so I think what we will do is take that carryover matter from yesterday as our first case this morning and ask Council in the Moolenaar matter to proceed. May it please the Court. Armando Bonilla on behalf of the Appellants, the United States, and the Government of the Virgin Islands. At this time, Your Honor, I would like to request a reserve for three minutes for rebuttal. Granted. There is no basis in law or in fact upon which to affirm the sentence imposed in this case. The record presented clearly demonstrates that the sentencing judge failed to give any meaningful consideration to the factors codified in 3553A. In sentencing this defendant a significant downward variance from the advisory guideline range of 15 to 21 months. The sentencing judge who did not preside over the trial of this matter made three bald decisions, three bald statements, none of which provide this Court with an adequate record upon which to review on appeal, let alone rule that the sentence imposed was a valid exercise of discretion. In fact, that's really what this case comes down to, isn't it? That this panel has little to nothing to review in the way of findings or articulated bases under 3553A such that we don't even need to consider the substance of the sentence or determination of whether or not it was unreasonable. That's correct, Your Honor. The first thing that the Court cited was the circumstances of the case but did not articulate what those circumstances were, leaving the parties and this Court to guess. And in Osborne, a decision by this circuit on September 10th of 2007, this Court held that where the record is inadequate there is no filling of the gaps in search of a justification and that a significant variance mandates a fuller explanation when a party makes an objection that has legal merit. We submit, Your Honor, that the Court below did not mention, let alone address, the legal arguments made by the government in requesting a sentence within the guidelines. There is no indication in the record presented that the Court considered, let alone gave meaningful consideration of the other sentencing factors codified in 3553A. The judge also made a statement that he was accepting the very clear recommendation of the probation office's sentencing, in sentencing the defendant to probation. In Greer, the en banc decision by this Court, this Court held that where a sentencing court adopts the PSR and makes no other factual findings regarding the sentence, that the appellate court reviews only the PSR containing those findings and factors supporting the sentence. And here, the PSR specifically said at paragraph 62 that the guideline range was 15 to 21 months in prison. At 69, paragraph 69, it stated that it was a zone D and probation was not an option. In view of the Supreme Court rulings yesterday, which I am aware of but have not read, should we give consideration to them in our review of this appeal? My adversary pointed out that Kimbrough and Gall were decided. I've read the Kimbrough decision and I called my office five minutes ago, and that's why I entered the Court late, to find out what the government's position was with regard to Gall. But Gall would really be more applicable to this case than Kimbrough. Absolutely, Your Honor. And what the Court held in Gall was that appellate court may not require that substantial deviation be justified by extraordinary circumstances. And that is not inconsistent with this circuit's precedent. And that is not inconsistent with what the government is asking for as far as relief. We are asking for, and it's not unreasonable to ask, that the trial judge, actually the sentencing court judge, issue the basis, reasons, and findings that he's making. The Supreme Court could have gone as far in Gall yesterday as to say, and I'm using an extreme example here, there is no such thing as U.S. sentencing guidelines anymore. That still leaves us with the existence of 3553A, the factors in that subsection, and the need of a district court to consider them and then give us an articulable basis upon which to determine whether his application of 3553A was correct. And that is fully – yes, Your Honor, that is fully consistent with this Court's decision in Cooper. Although Cooper came down after the sentence was imposed in this case, correct? That is correct, Your Honor. But in Gall, the Supreme Court said yesterday that the starting point is the sentencing guidelines. And in this case, it is undisputed that the sentencing guidelines are 15 to 21 months in prison. And that the Court should have explained why it was giving such a significant variance in this matter. Rather, after adopting the PSR or claiming to have adopted the PSR, government counsel pointed out that the recommendation was a term of imprisonment of 15 to 21 months as opposed to probation. And the sentencing judge – The district court didn't particularly appreciate your pointing out that inconvenient fact. As deferential as I tried to be, Your Honor, the Court did not. In fact, threw the PSR across the well of the courtroom and walked off the bench. Eight days later, in violation of this Court's November 27, 2000 decision in Ali, the Court issued a judgment trying to expand upon the reasons for the variance and simply cited or quoted one of the 3553 factors, the nature and circumstances of the offense and the history and characteristics of the defendant with no more explanation. In Ali, this Court held that under the 3553C, the sentencing judge must state at the time of sentencing and in open court the specific reasons for a non-guidelines range sentence. The judgment in this case was issued eight days later. It was not in open court. And in fact, it was in a sealed filing, which the government was then required to file under seal in this Court. And this Court also stated in Cooper that the practice of simply reciting a sentencing factor without evidence of meaningful consideration is not a practice endorsed by this Court. The reasons that the government is asking for, the judge below to articulate reasons, is more critical here where the sentence imposed is that a significant variance from the properly calculated advisory guidelines and the sentencing judge was not, in fact, the trial judge in this matter. I'd like to reserve the balance of my time for rebuttal, Your Honor. We'll hear you on rebuttal, Mr. Bonilla. Thank you very much. Mr. Watlington? Good morning, Your Honors. My name is Arturo Watlington, Jr. With me is the defendant in this case and the appellate here, Mr. Lucien Molina, Dr. Lucien Molina. Your Honor. Mr. Watlington, in your brief, you tell us or you argue that the district court provided sufficient justification for its below guidelines sentence. Given the questions you've heard me ask, Mr. Bonilla, enlighten me, please, as to what the district court did here other than simply note that he had, quote, studied the pre-sentence report and, quote, heard the arguments of both sides before he pronounced the sentence. Your Honor, I believe he was relying on the articulable facts that I presented in terms of the characteristics of... Did he say that? Did he say that anywhere? He said that he was adopting the arguments or, in fact, I think he said he heard the arguments of counsel and he's considered them. That's what the court said. Your Honor, further, in my brief, as I noted on page 17, much of the statements in the pre-sentence report was somewhat...was not accurate. And even though the court did not deal with it... Is that issue before? No, it's not an issue before you because I believe... Then we can't be considering an issue that you haven't raised. Well, I did raise it in my brief on page 17. I did. But you're saying that that is not before you. But, Judge, in review of... It's not before you. It's not before us because you didn't take a cross-appeal. No, we didn't take a cross-appeal. We did not take a cross-appeal. Your Honor, the issue here is whether or not yesterday's ruling, especially in Gallup, does, in fact, afford this court the opportunity or whether it makes sense for this court to, again, remand this matter back to the district court for the district court or for Judge French to merely articulate consistence with 3353. Should it be remanded to the same judge in view of... It must be, Your Honor. It must be? I think so. I don't see why it should be... I am concerned by what occurred in the courtroom last time, and I wonder if it should be remanded to another judge. Your Honor, I think the judge was pretty familiar with the factual nature of this case, the statements of facts, the characteristics that gave an opportunity to a downward departure. There'll be no reason for him not to be the judge if, in fact, this court decides that it should be remanded. There's no reason for another judge to deal with this matter. It seems to me that the judge was fair. The judge basically understood what the circumstances were. They were clearly articulated. I certainly can't perceive that from reading what went on in the courtroom, that he understood that. I mean, he says he has listened to something, but what does that mean beyond having heard? He has analyzed. I think judges, what judges hear, they analyze without having to say that. They analyze what they've heard. One can go through all kinds of mental exercises sub silentio, but we are a reviewing court, and all we have before us is a written record. And to assess reasonableness, as we are required to do, or unreasonableness, which I'm sure stands even in the wake of Gall and Kimbrough yesterday, how does this court go about assessing reasonableness without an articulation of reasons entered pursuant to the dictates of 3553A? I understand what the court is saying, but the court in its wisdom and in its experience can determine reasonableness, even though it may be not clear in terms of what it says. It's up to us to determine reasonableness. Correct. And it's whether or not this sentence was reasonable. And Galt says that. Galt stands for the fact that yesterday's ruling stands for the fact as to whether or not this sentence was reasonable. And there's no reason for this court to find that this sentence was not reasonable under the circumstances. All the factors that are enumerated in 3353A were clearly articulated, especially by me, in terms of the reasoning and the reasons as to why. Only by you, not especially by you, only by you, unless I'm reading a different record from what you're reading. And the judge said he, in fact, understood and he heard those arguments. I assume that if he heard them, he analyzed them, and he made his ruling based upon what was said. And as I said, and as I say, based on Galt and Kimbrough, it seems to me, and it's my opinion and I hope it is the court's opinion, that it would be unreasonable to remand this matter back to the district court for sentencing. Do you have anything further? Not unless the court has a question. Thank you very much, Mr. Wiley. Mr. Bonilla. Briefly, Your Honor. I'd like to make three short points. The first is the fact that the sentencing judge heard and considered, as this court pointed out, doesn't mean that the court actually adopted, and the record is bare of any statement by the judge that he was adopting any argument by either counsel. And, in fact, what's most of concern to the government is that he did not even address any argument raised by government counsel in favor of a sentence consistent with the guideline range. Most notably, the fact that the crimes were not only conversion of over $100,000, but the obstruction of justice, which was an enhancement, not a downward variance. With regard to Judge Roth's question and whether or not it should be sent to the same judge for resentencing, I'd like to point out first that the sentencing judge was not the trial judge, so there is no special knowledge or anything else that the judge had. Secondly, I must point out that I am not authorized by the Solicitor General to ask for a new judge, but that does not stop the court from doing so. And it was raised by Judge Roth. It was not raised by you. And third, the decision in Gall is consistent with Judge Smith's dissent in Tomko, requiring meaningful consideration, but giving deference to the trial judge once meaningful consideration or procedural. Tomko was only a dissent, as I'm painfully aware. We'll see if it remains so in the wake of Gall. But it requires reasonable application of the guidelines, and then that, in Gall, the court said, requires the deference. For these reasons, as well as those stated in our briefs, we respectfully request that the judgment of sentence be vacated and this matter remanded for further sentencing. Would you mind, Mr. Bonilla, if I reported to my friends in the U.S. Attorney's Office for the Western District of Pennsylvania that you argued the persuasive force of my Tomko dissent? I'm not sure they see it quite the same way. Absolutely, Your Honor. Thank you. Thank you, counsel. We'll take the matter under advisement. Thank you, Your Honor. It would be a pleasure.